## Commonwealth v. Fabian

*Richard C. Brittain, District Attorney,* for Commonwealth.

*Michael J. Robinson,* for defendant.

MYERS, *P.J.*, January 18, 1980—Defendant was convicted of cruelty to animals by a district justice. Defendant appealed and a de novo hearing was held before this court. The matter is now ready for disposition.

The evidence established that defendant struck a dog with his motor vehicle, but did not stop to assist

the animal. Defendant testified that he did not stop because he did not realize he had struck a dog. However, several Commonwealth witnesses testified that defendant admitted to them that he was aware of striking the animal, but failed to stop only because he thought he was under no legal obligation to do so.

We found the testimony of the Commonwealth's witnesses to be credible. Accordingly, we find that defendant was aware of striking the animal.

Under 18 Pa.C.S.A. §5511(c), a person commits a summary offense if he ". . . cruelly illtreats . . . any animal, whether belonging to himself or otherwise. . . ."

In our view, striking a dog with a motor vehicle does not, by itself, constitute a violation of the law. However, we believe that "cruel ill-treatment" does occur if a driver fails to stop, when he knows or reasonably should know that he has collided with and conceivably injured an animal.

The law does not require that such a driver provide expensive veterinary care for the injured animal. At a minimum, however, the driver should attempt to notify the animal's owners, as well as the responsible authorities, so that proper care for the animal can be arranged. Defendant failed to exercise any of these minimal measures, and accordingly we find him guilty.

## ORDER

And now, January 18, 1980, after hearing held, we adjudge defendant guilty of violating section 5511(c) of the Crimes Code, a summary offense. Accordingly, defendant shall pay the costs of these proceedings as well as the fine and costs heretofore imposed by the district justice, within 90 days from this date.